WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>v.<br><br>Cesar Blanco-Melgoza,<br><br>              Defendant. | No. CR-24-07135-001-TUC-JGZ (MSA)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Cesar Blanco-Melgoza's motion to dismiss the indictment. The Court will recommend that the motion be denied.

**I.      Background**

Defendant, a Mexican citizen, was admitted into the country as a lawful permanent resident in 1993. (Doc. 22-1 at 2.) In 2000, he was convicted of possession of cocaine in violation of California law. (Doc. 22-2 at 3.) Immigration officials served him with a notice to appear in removal proceedings, alleging that he was deportable for having committed a controlled substance offense. (*Id.*) At a removal hearing on March 8, 2001, an immigration judge ordered that he be deported to Mexico. (Doc. 22-3 at 2.) The record does not include a transcript or recording of that hearing, but it shows that Defendant attended and that he was deported a few days later. (Doc. 22-3 at 2; Doc. 25-4 at 4.) Defendant did not appeal the immigration judge's order before his removal. (Doc. 22-3 at 2.)

Defendant has been deported from the United States several times since then, each time based on the 2001 order of removal. (Doc. 25-4 at 4.) He was apprehended in Arizona

1  in 2024 and indicted for illegal reentry in violation of 8 U.S.C. § 1326. (Docs. 1, 8.) He
2  filed a motion to dismiss, arguing that the 2001 order of removal is constitutionally
3  defective and thus cannot serve as a predicate for his charge. (Doc. 22.)

**II.    Discussion**

"A noncitizen charged with being a previously removed alien found in the United States under § 1326 has a Fifth Amendment right to collaterally attack the underlying removal order." *United States v. Orozco-Orozco*, 94 F.4th 1118, 1122 (9th Cir. 2024) (citing *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014)). To prevail, the noncitizen must show (1) that he "exhausted any administrative remedies that may have been available to seek relief against the order"; (2) that "the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review"; and (3) that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

Defendant has not satisfied any of these elements, because he has not presented any competent evidence that something improper occurred at his removal hearing. This case is unusual in that there is no recording or transcript of the removal hearing. When this occurs, the immigration judge no longer gets "the deference normally given to an adjudicator." *United States v. Medina*, 236 F.3d 1028, 1032 (9th Cir. 2001) (citing *Cortez-Acosta v. INS*, 234 F.3d 476, 483 (9th Cir. 2000) (per curiam)). Still, it remains the noncitizen's burden to prove his collateral challenge. 8 U.S.C. § 1326(d). When there is no contemporaneous record, he must do so through "other means," including "his own memory, witnesses, and the information within his INS file." *Medina*, 236 F.3d at 1032.

Here, Defendant offers his memory in the form of his declaration. (Doc. 22-4.) By rule, "[a] motion may be supported by affidavit." Fed. R. Crim. P. 47(b). But that does not mean that a criminal defendant may use a written statement to establish the facts necessary to dismiss his indictment. *See* Fed. R. Crim. P. 47 advisory committee's note to 1944 adoption (stating that Rule 47(b) "is not intended to permit 'speaking motions' (e.g. motion to dismiss an indictment for insufficiency supported by affidavits), but to authorize the use of affidavits when affidavits are appropriate to establish a fact (e.g. authority to take a

deposition or former jeopardy)."). The utility of a declaration is limited. A declaration may be filed with a motion to help show that there are factual disputes that warrant an evidentiary hearing. *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir. 1967) ("The question is whether the allegations in the moving papers, including affidavits if any are filed, are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. If the allegations are sufficient, and factual issues are raised, a hearing is required."). A declaration, however, is "no substitute for competent proof when factual issues are properly raised." *Id.*[1]

Here, after reviewing the briefing, the Court set oral argument because it was not convinced that Defendant had presented facts that might warrant relief. (Doc. 32.) In other words, the Court's initial impression was that the motion should be denied without an evidentiary hearing. *See United States v. Oaks*, 508 F.2d 1403, 1404 (9th Cir. 1974) (stating that a district court must hold an evidentiary hearing only when the motion alleges enough facts "to take the question past the frivolous stage"). After considering counsel's arguments and further considering the briefing, including the declaration, the Court determined that the motion raises a factual dispute that warrants an evidentiary hearing. Specifically, Defendant asserts that he was denied the immigration form that was necessary for him to appeal to the Board of Immigration Appeals. (Doc. 22-4, ¶ 16.) If true, that might establish that an appeal was not "available" to him (§ 1326(d)(1)) and that he was denied judicial review (§ 1326(d)(2)), and it would be relevant as to whether his removal hearing was fundamentally unfair (§ 1326(d)(3)). The Government disputes Defendant's declaration on a few grounds, including that Defendant agreed in 2007, as part of a plea agreement, that he had been legally removed in 2001. (Doc. 25 at 6.) The Government also points out that that agreement was made 6 years after Defendant's removal, while Defendant's declaration was made 24 years after. (*Id.*) The Government suggests that this and other circumstances show that the declaration is not credible. (Doc. 25 at 6; *see* Doc. 36 at 24–25 ("So this case

---

[1] Indeed, the Court could not find a single case in which a federal court dismissed an indictment based on facts set forth in a defendant's declaration when those facts were contested by the Government.

is, you know, this motion is being raised roughly 25 years after that deportation hearing. Only five years, when his memory was much better about this case, he's saying that everything was fine.").)

As such, during a hearing in the related case, the Court informed defense counsel that he had the "opportunity to present evidence" at an evidentiary hearing. (CR-25-50009-JGZ-MSA, Doc. 27 at 3.) The Court gave counsel "a couple of days to talk to [his] client and make the decision . . . whether or not [they] want[ed] to set an evidentiary hearing . . . to provide any testimony." (*Id.*) The Court also stated that Defendant was being given the opportunity to testify because the Court could not "consider the declarations" in reaching a decision. (*Id.*) A few days later, Defendant filed a notice invoking his Fifth Amendment right against self-incrimination. (Doc. 40.)[2]

As the record stands, there is no competent evidence that Defendant's rights were violated at his removal hearing. As noted, Defendant's declaration raises a factual dispute that warrants an evidentiary hearing. In resolving that dispute, though, it is inadmissible hearsay. And Defendant has declined to testify—as is his right. As a result, there is no evidence on which the Court could resolve the factual dispute in Defendant's favor, and there is a clear path to the Court's conclusion that Defendant has not met his burden under § 1326(d). *See United States v. Baskin*, 424 F.3d 1, 3 (1st Cir. 2005) (holding that the district court did not err in striking the defendant's affidavit based on his refusal to testify about it at an evidentiary hearing). The Court will therefore recommend that his motion be denied.

---

[2] The notice accuses the Court of trying to compel Defendant's testimony. That did not occur. The Court was clear that it was Defendant's decision whether to testify, and that he should decide only after speaking with counsel. To facilitate that discussion, the defense was given three days to make a decision. The notice also accuses the Court of violating its supposed duty under *United States v. Washington*, 431 U.S. 181 (1977), to warn Defendant of his right against self-incrimination. *Washington* imposes no such duty. The issue there was whether *the Government* is required to provide a warning to grand jury witnesses, and the Supreme Court declined to resolve even that issue. *See id.* at 190 ("Since warnings were given, we are not called upon to decide whether such warnings were constitutionally required."). The caselaw indicates that it is *defense counsel's* responsibility to advise his client. *See United States v. Wagner*, 834 F.2d 1474, 1483 (9th Cir. 1987) ("It is primarily the responsibility of the defendant's counsel, not the trial judge, to advise the defendant on whether or not to testify and to explain the tactical advantages and disadvantages of doing so." (quoting *United States v. Goodwin*, 770 F.2d 631, 637 (7th Cir. 1985))).

There are two final matters. First, even if it were proper to consider Defendant's declaration, the Court would give it no weight. As the Court noted in a previous Order, Defendant's declaration is highly questionable. (Doc. 32 at 2.) He admits that he recalls very little of what occurred at his removal hearing. (Doc. 22-4, ¶¶ 9, 11–13, 16.) Notably, while he is not sure whether he was served with a Notice to Appear, his A-file includes a Notice to Appear bearing his signature. (Doc. 25-1.) And while he says that he *does* recall that he was never provided a list of free and low-cost legal services, his A-file includes a Spanish-language Notice of Rights bearing his signature, and the Notice is accompanied by a list of free and low-cost legal services. (Doc. 25-2.) To the extent that he asserts that he was deprived of the form necessary to appeal, that assertion has not been tested by cross-examination and was made without the Court being able to assess his demeanor. Given the foregoing, the Court would not rely on the declaration even if it were proper to do so.

Second, at oral argument, defense counsel raised a new "freestanding constitutional argument under the Due Process Clause" based on the lack of a contemporaneous record of his removal hearing. (Doc. 36 at 4–5.) Counsel asserted that this argument was made pursuant to footnote 4 of *United States v. Palomar-Santiago*, 593 U.S. 321 (2021). That footnote summarizes two arguments that the defendant waived by not raising them earlier, i.e., that "a scheme that permits the results of an administrative proceeding to conclusively establish a criminal offense" violated due process and the separation of powers, and that there were insufficient "paths available for noncitizens to obtain review of prior removal orders outside of an illegal-reentry prosecution." *Id.* at 328 n.4. The Court gathers that Defendant seeks to challenge his prior removal outside the § 1326(d) framework. But that challenge was not briefed, and neither defense counsel's short statement at the hearing nor the Supreme Court's footnote clearly define its contours. As a result, the Court is unable to address it, and this report and recommendation will be confined to the § 1326(d) challenge that was briefed and argued. Defendant may develop his new argument in a new motion, if he so desires.[3]

---

[3] Defendant also argues that the absence of a contemporaneous record is a due process violation for purposes of § 1326(d)'s fundamental-unfairness prong. This argument, which

- 5 -

**III.   Conclusion**

The Court recommends that Defendant's motion to dismiss (Doc. 22) be **denied**.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections with the district court. Fed. R. Crim. P. 59(b)(2). The parties have 14 days to respond to objections. The parties may not file replies on objections absent the district court's permission. A failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 23rd day of October, 2025.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge

---

does not rely on his declaration, is not enough to carry his challenge. The Court disagrees that the absence of a contemporaneous record is a due process violation. But even if it were, it is not clear how the failure to record the removal hearing could have caused his alleged prejudice (i.e., the denial of an opportunity to apply for cancelation of removal). *See United States v. Valdivias-Soto*, 112 F.4th 713, 722 (9th Cir. 2024) (stating that the prejudice must be the "result" of the due process violation (quoting *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014))).

- 6 -